Catharine W. Ahl *v.* Frank C. Bosler and Mary E. Bosler, Trustees of the Estate of Helen Bosler, deceased, Appellants.

*Will—Estate in fee—Devise.*

Testator by his will directed as follows: "I now bequeath to my beloved wife, Catharine W. Ahl, the new house, with the property thereto belonging, being about 16 acres, and she may will it, I mean the old homestead, to any of my children at her own discretion." *Held*, that the wife took an estate in fee.

Argued April 29, 1896. Appeal, No. 298, Jan. T., 1896, by defendants, from judgment of C. P. Cumberland Co., May T., 1896, No. 4, on case stated for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Case stated to determine the marketable title to real estate sold by plaintiff to defendants.

From the record it appeared that plaintiff claimed an estate in fee under a codicil to the will of her husband.

The facts appear by the opinion of the court, BIDDLE, P. J., which was as follows:

The act of April 8, 1833, provides that all devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity unless it appears by a devise over, or by words of limitation, or otherwise in the will, that the testator intended to devise a less estate. By a codicil to his will, dated February 16, 1885, Cary W. Ahl provided as follows:

"I now bequeath to my beloved wife, Catharine W. Ahl, the new house, with the property thereto belonging, being about 16 acres, and she may will it, I mean the old homestead, to any of my children at her own discretion."

It will be noticed that there is no devise over at Mrs. Ahl's

death, and we find nothing either in the will or in the various codicils thereto which indicates an intention on the part of testator other than that which the codicil before us discloses.

That an estate in fee simple became vested in Mrs. Ahl is quite clear. The case of McIntyre v. McIntyre, 123 Pa. 329, is directly in point. The language there was :

" I will and bequeath to my daughter, Mary McIntyre, the one half of the land that I possess above the road—that is the north end. She will not have power to sell, but may leave the same to her children."

The court ruled (*a*) that the attempted restraint upon alienation contained in the first part of the second sentence was void, as being in conflict with the fee given by the preceding sentence, and (*b*) that the concluding words, " may leave the same to her children," were precatory only and did not defeat the otherwise operative effect of the devise. Many other adjudications to the same effect might be cited.

In Boyle v. Boyle, 152 Pa. 108, Mr. Justice WILLIAMS reviews the Pennsylvania cases on the subject, and lays down the general doctrine that mere precatory words, or words of command, or words of explanation, are not enough to establish an intention that is not to be gathered from a consideration of the operative words upon the face of the instrument.

This principle is decisive of the case in hand, and it is ordered that judgment be entered in favor of the plaintiff against the defendants for the sum of $15,500.

*Error assigned* was in entering judgment for plaintiff.

*W. F. Sadler*, *W. Trickett* with him, for appellants, cited : Fox's App., 99 Pa. 382 ; Forsythe v. Forsythe, 108 Pa. 129 ; Dillon v. Faloon, 158 Pa. 468.

*John Hays*, for appellee, cited : McIntyre v. McIntyre, 123 Pa. 329 ; Jauretche v. Proctor, 48 Pa. 466 ; Good v. Fichthorn, 144 Pa. 287 ; Boyle v. Boyle, 152 Pa. 108; Levy's Est., 153 Pa. 174; Evans v. Smith, 166 Pa. 625.

PER CURIAM May 18, 1896 :

The judgment in this case is affirmed on the opinion of the learned court below.

Judgment affirmed.